Priority —✓
Send
Enter ——
Closed ——
JS-5/JS-6 ——
JS-2/JS-3 ——
Scan Only ——

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES-GENERAL

Case No. CV 05-3681-R (OP)                Date: August 16, 2006

Title: Rory C. Folsom v. John C. Marshall, Warden

--------------------------------------------------------------------------------

☐    U.S. DISTRICT JUDGE

PRESENT: THE HONORABLE    OSWALD PARADA

☒    MAGISTRATE JUDGE

| Maynor Galvez | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

ATTORNEYS PRESENT FOR PLAINTIFFS:          ATTORNEYS PRESENT FOR DEFENDANTS:
NONE                                       NONE

PROCEEDINGS:    (IN CHAMBERS: RESPONDENT'S MOTION TO VACATE; MOTION TO DISMISS)

## I.
## Background

On May 17, 2005, petitioner filed a Petition for Writ for Habeas Corpus pursuant to 28 U.S.C. § 2254. On June 2, 2005, the Court filed an Order Requiring Response to the Petition. On December 23, 2005, respondent filed a Motion to Vacate Order Requiring Response. In the motion, respondent also moves to dismiss the petition. The Court has not received from petitioner an opposition to the motion. For the reasons set forth below, the Court denies respondent's motion to vacate and motion to dismiss.

## II.
## Discussion

Title 28 U.S.C. § 2244 provides in pertinent part that:
    (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.
    (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
    (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

DOCKETED ON CM

AUG 17 2006

(32)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES-GENERAL**

Case No. **CV 05-3681-R (OP)**                Date: **August 16, 2006**

Title: **Rory C. Folsom v. John C. Marshall, Warden**

                                                              **Page 2**

----------------------------------------------------------------------------------

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244.

Respondent contends that the order requiring a response to the petition should be vacated and the current petition dismissed with prejudice, because the petition is a successive petition to that disposed of in 2001 by Report and Recommendation, as adopted by the United States District Judge. See Lodgment at Exh. H, I, J. The Court disagrees.

The first federal habeas petition was dismissed with prejudice for being time barred under AEDPA's statute of limitations. See Lodgment at Exh. H at 5-6. Respondent cites to Reyes v. Vaughn, 276 F.Supp.2d 1027, 1029 (C.D.Cal. 2003) for the proposition that dismissal of a petitioner's prior federal habeas petition, on the ground that it was barred by AEDPA's one-year statute of limitation, operated as an adjudication on the merits. See also Murray v. Greiner, 394 F.3d 78, 81 (2d Cir. 2005); Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003). However, Reyes is distinguishable since it dealt with two habeas petitions challenging the same conviction. See Reyes v. Vaughn, 276 F.Supp.2d at 1028. Likewise, Murray and Altman are distinguishable for the same reason. See Murray v. Greiner, 394 F.3d at 79; Altman v. Benik, 337 F.3d at 765. Here, in petitioner's first federal habeas petition, he challenged his parole denials in March of 1993, March of 1994, and April of 1996. See Lodgment at Exh. H at 2. In the current federal habeas petition, petitioner is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES-GENERAL</u>

Case No.  CV 05-3681-R (OP)          Date:  August 16, 2006

Title: Rory C. Folsom v. John C. Marshall, Warden

**Page 3**

----------------------------------------------------------------------

challenging the parole denial decision on August 1, 2001, a decision that post-dates the previously challenged parole denials and his prior federal habeas petition. <u>See</u> Petition at 9, 10, 13.  Thus, the Court finds that <u>Reyes</u>, <u>Murray</u>, and <u>Altman</u> are inapplicable here.

Furthermore, since California does not provide for direct judicial review of Board decisions, a state prisoner can challenge the denial of parole in state court only collaterally by means of a state habeas corpus petition. <u>Redd v. McGrath</u>, 343 F.3d 1077, 1079 (9th Cir. 2003).  Under the AEDPA's exhaustion requirement, <u>see</u> 28 U.S.C. § 2254(b)-(c), a prisoner challenging a parole decision is first eligible to file a federal habeas petition only after state habeas petitions are complete. <u>Id.</u> at 1082.  In California, the factual basis for a federal habeas petition attacking parole denials is the denial of the administrative appeal. <u>See</u> <u>Id.</u>  Consequently, each parole denial provides a separate factual predicate upon which to base a new habeas petition.  In petitioner's first federal habeas petition, the factual basis was the parole denials in March of 1993, March of 1994, and April of 1996. <u>See</u> Lodgment at Exh. H at 2.  In the current federal habeas petition, the factual basis is the parole denial decision on August 1, 2001, a decision that post-dates the previously challenged parole denials and his prior federal habeas petition. <u>See</u> Petition at 9, 10, 13.  Thus, the Court finds that the current petition is not a second or successive petition to the petition disposed of in 2001.

### III.
### Conclusion

Based on the foregoing, the Court denies respondent's motion to vacate and motion to dismiss.  Respondent shall file and serve an Answer to the petition no later than forty-five (45) days from the date of this order. Petitioner shall file a Reply brief, if any, no later than thirty (30) days from the date of service of the Answer.  Finally, the parties shall comply with all other provisions of the Court's order dated June 2, 2005.

**IT IS SO ORDERED.**

cc:  All Parties of Record



Initials of Deputy Clerk_____